Matthew Soleimanpour (SBN 248434)
matt@soleimanlaw.com
eservice@soleimanlaw.com
**SOLEIMAN APC**
16885 Via Del Campo Ct., Ste. 314
San Diego, CA 92127
Telephone: (619) 310-9455
Facsimile: (619) 489-6248

Attorneys for Defendants,
UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER and RACHEL JULIANO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLA MILLER, ELISA SCHWEIZER and SHAI MILLER, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF EDUCATION, SANTA CLARA COUNTY OFFICE OF EDUCATION, SANTA CLARA COUNTY BOARD OF EDUCATION, UNIVERSITY PREPARATORY ACADEMY, TONY THURMOND, MARY ANN DEWAN, JESSICA BONDURIS, DAVID PORTER, RACHEL JULIANO, ALISHA HILL, LUCAS KELLEHER, and DOES 1-10, <br><br> Defendants. | Case No.: 5:24-CV-07397-SVK <br><br> **DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE** <br><br> Date: March 25, 2025 <br> Time: 10:00 am <br> Dept.: Courtroom 6 – 4th Floor <br> Judge: Hon. Susan van Keulen <br><br><br> Action filed: October 23, 2024 |

i

Table of Contents

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................... 3

II. STATEMENT OF FACTS ................................................................................... 3

III. ARGUMENT ...................................................................................................... 4

   A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) ................................................................................................. 4

     1. Plaintiffs' Eleventh Cause of Action for a Violation of the Unruh Act Fails as a Matter of Law ................................................................................................. 4

     2. Plaintiffs' Twelfth Cause of Action for a Violation of the Ralph Act Fails as a Matter of Law ................................................................................................. 5

     3. Plaintiffs' Thirteenth Cause of Action for a Violation of the Bane Act Fails as a Matter of Law ................................................................................................. 5

   B. MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e) ....... 6

     1. Plaintiffs' First and Fifteenth Causes of Action Based on Contract Law are Fatally Uncertain, Ambiguous and Require More Definitive Statements ................................. 6

       a. Plaintiffs Contract-Based Claims Are Unclear as to Whom They Apply ................. 7

       b. Plaintiffs Do Not Identify the Purported Contractual Agreement With Specificity .. 8

   C. MOTION TO STRIKE PURSUANT TO RULE 12(f) ...................................................... 9

     1. Plaintiffs Allege Multiple Redundant Causes of Action That Are Unreasonably Cumulative ................................................................................................. 9

     2. Punitive Damages May Not Be Pursued As Against UPA ........................................... 10

IV. CONCLUSION ................................................................................................ 11

Table of Authorities

**Cases**

*Allen v. City of Sacramento*, (2015) 234 Cal.App.4th 41 ................................................................. 6

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364 ..................................................... 6

*Angelucci v. Century Supper Club*, (2007) 41 Cal. 4th 160................................................................. 4

*Austin v. Regents of University of California*, (1979) 89 Cal.App.3d 354 ........................................ 10

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).................................................. 4

*Brennon B. v. Superior Court*, (2020) 57 Cal. App. 5th 367 ................................................................. 4

*Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002 ......................................................... 8, 9, 10

*Cuviello v. City & Cty. of S.F.*, 940 F.Supp.2d 1071 ................................................................................ 9

*Doe v. Little Rock Sch. Dist.*, 380 F.3d 349 ............................................................................................ 8

*Doe v. Roman Catholic Archbishop of L.A.*, (2021) 70 Cal.App.5th 657............................................... 6

*Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268 ............................................................. 5

*In re Sean A.*, (2010) 191 Cal.App.4th 182............................................................................................. 8

*K.M. v. Grossmont Union High Sch. Dist.*, (2022) 84 Cal. App. 5th 717............................................... 4

*Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791 .............................................................................................. 7

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ......................................................... 4

*Los Angeles Unified School Dist. v. Superior Court*, (2023) 14 Cal.5th 758 ...................................... 10

*Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) .. 9, 10

*Shoyoye v. County of Los Angeles*, (2012) 203 Cal.App.4th 947 ........................................................... 6

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 ................................................................................. 9

*Visalia Unified School Dist. v. Superior Court*, (2019) 43 Cal.App.5th 563 ...................................... 10

*Warth v. Seldin*, (1975) 422 U.S. 490 .................................................................................................... 6

*Winarto v. Toshiba America Electronics Components, Inc.* (9th Cir. 2001) 274 F.3d 1276................. 5

**Statutes**

Cal. Civ. Code § 51(b) ............................................................................................................. 4

Cal. Educ. Code § 56028.5 ..................................................................................................... 10

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 7

Fed. R. Civ. P. 12(f) ............................................................................................................. 1, 9

Gov. Code § 818..................................................................................................................... 10

DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

# NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 25, 2025 at 10:00 a.m., or as soon thereafter as the parties may be heard, Defendants UNIVERSITY PREPARATORY ACADEMY ("UPA"), DAVID PORTER and RACHEL JULIANO (collectively "Defendants") will move this Court at the United States District Court-Northern District of California located at 280 South 1st Street, San Jose, CA 95113, Courtroom 6 (4th Floor), for an order dismissing Plaintiffs' eleventh, twelfth and thirteenth causes of action in their Complaint on file in this action (ECF No. 1), with prejudice on the grounds that each cause of action fails to state a claim on which relief can be granted (FRCP 12(b)(6)).

PLEASE TAKE FURTHER NOTICE that Defendants, will move this Court, pursuant to Fed. R. Civ. P. 12(e) for an order directing Plaintiffs to file a more definite statement as to their first and fifteenth causes of action on the grounds that Defendants cannot frame a responsive pleading because Plaintiffs' first and fifteenth causes of action for claims based in contract are both vague and ambiguous as to whom the purported contractual agreements pertain and whom the cause of action implicates, and also because Plaintiff has failed to incorporate the terms of the contract with adequacy, either via exhibit(s) or setting forth the terms required to confirm the parties indeed entered into a binding contract.

PLEASE TAKE FURTHER NOTICE that Defendants will also move this Court, pursuant to Fed. R. Civ. P. 12(f), for an order striking Plaintiffs' redundant causes of action two through seven and eight through ten.  Further Defendants move for an order striking any prayer for punitive damages against Defendants as a California charter school is immune from punitive damages or other damages imposed primarily for the sake of example and by way of punishing a defendant.

This motion is based on the following documents: this Notice of Motion and the attached Points & Authorities; and all the other papers, documents, or exhibits on file or to be filed in this action, and the argument to be made at any hearing on the motion ordered by the Court.

| | |
|---|---|
| Dated:  December 27, 2024 | **SOLEIMAN, APC** |
| | By: _/s/ Matthew Soleimanpour_ |
| | Matthew Soleimanpour |
| | Attorneys for Defendants, |
| | UNIVERSITY PREPARATORY |
| | ACADEMY, DAVID PORTER and |
| | RACHEL JULIANO |

2

DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs filed their Complaint against Defendant UNIVERSITY PREPARATORY ACADEMY ("UPA"), DAVID PORTER ("Porter") and RACHEL JULIANO ("Juliano") (collectively "Defendants"), and others, on or about October 23, 2024. Counsel for Defendants attempted to confer with Plaintiffs' counsel on perceived defects with respect to Plaintiffs' Complaint, however, the Parties were unable to connect during the holiday season despite phone calls and written correspondence from Defendants' counsel to Plaintiffs' counsel, therefore necessitating this filing on behalf of UPA and its current employees Porter and Juliano, who were served on or about December 6, 2024, at UPA's premises.

Plaintiffs' Complaint contains various defects and ambiguities that Defendants are seeking clarification, amendment or dismissal. Notably, Plaintiffs have alleged several causes of action that are cumulative and may be simply merged into a single cause of action. Similarly, Plaintiffs have alleged claims that either fail as a matter of law or are not sufficiently pleaded.

### II. STATEMENT OF FACTS

This matter arises from allegations by Plaintiffs of claims of harassment and discrimination based on their ethnicity and religion while Ella Miller ("Ella") was a student at UPA.

Plaintiffs claim that during the 2023-2024 school year, while Ella was a student at UPA, Ella was harassed and discriminated against for her religious and ethnic background. Plaintiffs go on to claim that several students at UPA approached Ella and screamed derogatory comments at her and chased her around school.

Plaintiffs claim they met with UPA staff to inform them of the alleged antisemitism Ella was experiencing, yet UPA did nothing to correct the situation. Individual UPA employees who were served in this action, Porter and Juliano, are alleged to have not addressed Plaintiffs' concerns to their satisfaction, and have been identified individually by the Plaintiffs as responsible parties for Plaintiffs' damages claims. Defendants dispute the substance of Plaintiffs' allegations.

3

DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

### III. ARGUMENT

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a claim for relief. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In determining whether a complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to the plaintiff. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, (2009) 556 U.S. 662, 678.

#### 1. Plaintiffs' Eleventh Cause of Action for a Violation of the Unruh Act Fails as a Matter of Law

The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . religion . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). "[A]n individual plaintiff has standing under the [Unruh] Act if he or she has been the victim of the defendant's discriminatory act." Id. (quoting *Angelucci v. Century Supper Club*, (2007) 41 Cal. 4th 160, 175.

However, the Unruh Act plainly <u>does not</u> apply to UPA and its employees, as they are not engaging in the acts of performing services as a "business establishment" as the Unruh Act provides, as UPA and its employees are simply providing education to students enrolled and are not engaging in any type of free market business enterprise. (*Brennon B. v. Superior Court*, (2020) 57 Cal. App. 5th 367, 271 Cal. Rptr.3d 320. This conclusion is consistent with the legislative history and the statutory text of the Act, which does not extend to public school districts or charter schools. *K.M. v. Grossmont Union High Sch. Dist.*, (2022) 84 Cal. App. 5th 717, 300 Cal. Rptr.3d 598). This cause of action should therefore be dismissed as against Defendants.

### 2. Plaintiffs' Twelfth Cause of Action for a Violation of the Ralph Act Fails as a Matter of Law

Under the Ralph Act, "a plaintiff must establish the defendant **threatened or committed violent acts** against the plaintiff or their property, and a motivating reason for doing so was a prohibited discriminatory motive, or that [defendant] aided, incited, or conspired in the denial of a protected right." (*Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th 1268, 1291 [217 Cal.Rptr.3d 275], emphasis added). Further, an essential element of sustaining this cause of action is whether "a reasonable person in the plaintiff's position must have been intimidated by the actions of the defendant and have **perceived a threat of violence**." (See *Winarto v. Toshiba America Electronics Components, Inc.* (9th Cir. 2001) 274 F.3d 1276, 1289-1290, emphasis added).

In this matter, as it relates to UPA and its employees, no allegations of threats, perceived threats, or acts of violence by UPA and its employees is alleged anywhere in the Complaint. The only affirmative conduct of a threatening manner that is alleged is by other students or third parties. Simply put, with respect to Defendants, no intentional conduct, or any affirmative conduct for that matter, of a threatening manner is alleged in the Complaint. Accordingly, this cause of action is fatally defective as a matter of law and subject to dismissal pursuant to Rule 12(b)(6).

### 3. Plaintiffs' Thirteenth Cause of Action for a Violation of the Bane Act Fails as a Matter of Law

Similar to the reasoning set forth above with respect to the Bane Act, Plaintiffs' claims against Defendants with respect to Bane Act violations similarly fail. Simply put, there were no affirmative acts by Defendants with the requisite intent to allow this cause of action, as presently pleaded, to survive; thus, the Bane Act claims against Defendants should be dismissed.

To establish a violation of the Bane Act by a California charter school, a student plaintiff must prove two key elements via concrete evidence: (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) that the interference or attempted interference was carried out by threats, intimidation, or coercion. The "threats, intimidation, or coercion" requirements—the "egregiousness" element—were intended to prevent

the Bane Act from extending to ordinary tort claims. (*Shoyoye v. County of Los Angeles*, (2012) 203 Cal.App.4th 947, 956–957; see also *Allen v. City of Sacramento*, (2015) 234 Cal.App.4th 41, 183 Cal. Rptr. 3d 654).

Here, Plaintiffs have not alleged any conduct wherein Defendants engaged in such actions; rather, again, Plaintiffs only allege conduct of third parties (specifically, third-party students at UPA), without any specifics as to the nature of how Defendants' conduct in addressing third-party conduct would reach the requisite level of egregiousness. (*Doe v. Roman Catholic Archbishop of L.A.*, (2021) 70 Cal.App.5th 657, 285 Cal.Rptr.3d 613). Plaintiffs have not and cannot allege any specifics acts of intent, threats, intimidation of coercion on the part of Defendants during all relevant times alleged in the Complaint, and has simply made allegations that are no more than those that would be satisfactory of a basic negligence claim. Accordingly, Plaintiffs' cause of action for Bane Act violations of the Defendants should be dismissed pursuant to Rule 12(b)(6).

**B.    MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order Plaintiffs to provide a more definite statement where the complaint is "so vague or ambiguous" that Defendants cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin*, (1975) 422 U.S. 490, 501-502. An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite statement).

   **1.    Plaintiffs' First and Fifteenth Causes of Action Based on Contract Law are Fatally Uncertain, Ambiguous and Require More Definitive Statements**

Plaintiffs vaguely claim that UPA and the Plaintiffs entered into a purported contractual agreement arising out of UPA's policies set forth in its parent handbook, as distributed to all

students and their families at the outset of each school year; however, numerous ambiguities are present within the allegations purportedly in support of said causes of action.

### a. Plaintiffs Contract-Based Claims Are Unclear as to Whom They Apply

Within the first and fifteenth causes of action, Plaintiff pursues both UPA and the individual employee defendants of UPA as parties to this agreement, despite any prefacing causes of action identifying who beyond only the Plaintiffs and UPA (and no other persons/entities) entered into the purported contract (See Complaint, para. 98 through 108, inclusive, and para. 220 through 225, inclusive).

UPA may venture to guess that perhaps Plaintiffs intended to simply pursue UPA, and not any individual employee or other entity that was not an actual party to this purported contract vaguely specified in paragraphs 20 and 21 of the Complaint; however, it is unclear if Plaintiffs are attempting to pursue contractual claims as against UPA's current and/or former employees as well. Such ambiguity in Plaintiffs' allegations is improper pursuant to Rule 12(e), and requires further clarification and/or amendment, as Defendants cannot frame a responsive pleading if it is not clear or known to whom which cause of action applies, or whether they apply to all such entities/persons.

Further, even if Plaintiffs intended such contractual claims to apply to individual defendants who are employees of a party to an agreement, this would also be an incorrect application of the basic tenets of contract law, as the individual employees (either current or former) of UPA were never identified as actual parties to the so-called "contract" that UPA allegedly entered into with the Plaintiffs as set forth within paragraphs 20 and 21. (*Laatz v. Zazzle, Inc.*, 682 F. Supp. 3d 791 (N.D. Cal. 2023).) In this sense, should the court be inclined to weigh this issue based on a Fed. R. Civ. P. 12(b)(6) standard with respect to whether sufficient allegations exist to sustain this cause of action as against UPA's individual employee (current or former) defendants (i.e., Rachel Juliano, David Porter, Anita Hill, and/or Lucas Kelleher), UPA refers to the *Laatz* matter, and its progeny, as referenced above in seeking the Court's guidance in dismissal of such claims against any party not so specified to be a party to the purported contractual

7

DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE

agreement alleged by the Plaintiffs within their Complaint. (*Consumer Sols. REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1021 (N.D. Cal. 2009).

### b. Plaintiffs Do Not Identify the Purported Contractual Agreement With Specificity

Plaintiffs claim that a contractual agreement existed between Plaintiffs, UPA, and potentially UPA's current and former employees within paragraphs 20 and 21 of the Complaint pursuant to a student/parent "handbook" (*Id.*). However, such handbooks are generally not considered a contract for the purposes of alleging a breach of contract claim given that education is essentially a compulsory duty by State law on the part of a minor, and have therefore determined to have not entered into a contract that incorporates the handbook or voluntarily assented to be bound by its terms, thereby highlighting the lack of mutual consent necessary for a contract. In *In re Sean A.*, (2010) 191 Cal.App.4th 182, 120 Cal. Rptr. 3d 72, the Court distinguished student handbooks from employee handbooks, which may create enforceable contracts under traditional contract principles. (*Id.*, at 197; see also *Doe v. Little Rock Sch. Dist.*, 380 F.3d 349, 354 (8th Cir. 2004).)

Plaintiffs in this matter have not identified how the handbook in question that simply sets forth various policies and procedures of the school now renders its procedures subject to contractual review, rather than simply best practices in which the school seeks to follow based on the terms the Plaintiffs specified in the Complaint (see Complaint, para. 20 through 21, inclusive). UPA is thus unaware as to what other possible agreement may exist amongst the parties that would be legally actionable, and requests that the Plaintiffs either clarify the terms, attach the "contract" to an amended pleading with incorporation by reference, or set forth any exception to the holding in the *In re Sean A.* matter that would support such handbooks do in fact create a contractual relationship amongst the parties.

Further, should the Court wish to rule on the matter on a different Rule 12 standard, Defendants respectfully requests that this review of whether the existence of contract is indeed sufficiently pleaded be evaluated in accordance with whichever Rule 12 challenge it deems sufficient in the interests of justice and clarity (*Consumer Sols. REO, LLC, supra*, 658 F.Supp.2d

at 1021; see also *Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018): where a motion is incorrectly designated, a court may convert the improperly designated motion and render a ruling.)

### C. MOTION TO STRIKE PURSUANT TO RULE 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This provision allows the Court to dispense with spurious issues prior to trial to prevent waste of the Court's time and resources. See *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983 ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial….").

#### 1. Plaintiffs Allege Multiple Redundant Causes of Action That Are Unreasonably Cumulative

Plaintiffs have identified several causes of action that are flatly redundant and based on the same set of facts. Specifically, causes of action 2 through 7 are all based on purported infringement on freedom of religion and speech associated with religious identity (See Complaint, para. 109 through 165, inclusive), and causes of action 8 through 10 (See Complaint, para. 166 through 189, inclusive) all arise out of claims of discrimination couched in religion and/or ethnicity; in fact, the allegations are essentially a cut and paste job, with only a different heading associated with the same recitation of allegations as a new cause of action, with a slightly different reference to the applicable statutory authority, and oftentimes, the same statutory scheme (e.g., Section 1983; see Complaint para. 109 through 189, inclusive). While a plaintiff can assert multiple Section 1983 claims and matters arising out of similar federal and state laws, they must ensure that **each claim is distinct and not merely a repetition of the same facts and legal theories to avoid redundancy and potential dismissal**. (*Cuviello v. City & Cty. of S.F.*, 940 F.Supp.2d 1071 (N.D. Cal. 2013), emphasis added).

Here, Plaintiffs have alleged several causes of action that are redundant and based on the same set of facts. Defendants thus request that the Court sustain a Rule 12(f) Motion to Strike of

causes of action 3 through 7, as redundant to cause of action 2, and causes of action 9 and 10, as redundant of cause of action 8, without prejudice, and allow Plaintiffs to plead the claims with reasonable particularity as required by the code and the *Cuviello* Court, *supra*.

Further, should the Court wish to rule on the matter on a different Rule 12 standard, Defendants respectfully request that this review of redundancy be evaluated in accordance with whichever Rule 12 challenge it deems sufficient in the interests of justice and clarity (*Consumer Sols. REO, LLC, supra*, 658 F.Supp.2d at 1021; see also *Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018): where a motion is incorrectly designated, a court may convert the improperly designated motion and render a ruling).

### 2.     Punitive Damages May Not Be Pursued As Against UPA

Punitive damages are not recoverable against a California charter school in a lawsuit. According to Gov. Code § 818. Absence of liability for exemplary and punitive damages, public entities are shielded from punitive damages, and this protection extends to charter schools as they are considered public entities under California law. *Los Angeles Unified School Dist. v. Superior Court*, (2023) 14 Cal.5th 758, *Visalia Unified School Dist. v. Superior Court*, (2019) 43 Cal.App.5th 563.  The California Supreme Court has affirmed that public entities, including charter schools, are exempt from liability for punitive or exemplary damages. *(Id.)*.  Additionally, the Cal. Educ. Code § 56028.5 defines charter schools as public agencies, further supporting their immunity from punitive damages.

Per the Government Code and related case authority, California public entities, such as UPA are immune from punitive damages awarded under Civil Code § 3294, or other damages imposed primarily for the sake of example and by way of punishing the defendant (i.e., exemplary damages). (Gov. Code, § 818; *Austin v. Regents of University of California*, (1979) 89 Cal.App.3d 354.

Accordingly, with respect to UPA specifically, Plaintiffs' prayer for punitive damages should be stricken, as such damages are impermissible as a matter of law as against UPA.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully requests that the Court grant its Motion to Dismiss, Motion for a More Definite Statement and Motion to Strike; thereafter, Defendants request an order that Plaintiffs clarify the vague allegations in first and fifth causes of action, and also order that all prayers for punitive damages against UPA be stricken from all applicable causes of action wherein such damages are pursued against UPA.

Dated:  December 27, 2024                       **SOLEIMAN, APC**

By: _/s/ Matthew Soleimanpour_
Matthew Soleimanpour
Attorneys for Defendants,
UNIVERSITY PREPARATORY
ACADEMY, DAVID PORTER and
RACHEL JULIANO

1  Miller v. UPA, et al.
   Case No. 5:24-CV-07397-SVK

# PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to or interested in the within entitled cause. My business address is 16885 Via Del Campo Ct., Ste. 314, San Diego, CA 92127.

On **December 27, 2024**, I served a true and correct copy of the following document(s):

**DEFENDANTS UNIVERSITY PREPARATORY ACADEMY, DAVID PORTER AND RACHEL JULIANO'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, MOTION FOR A MORE DEFINITE STATEMENT AND MOTION TO STRIKE**

on the parties in this action addressed as follows:

| | |
|---|---|
| David Michael Rosenberg-Wohl<br>HERSHENSON ROSENBERG-WOHL<br>3080 Washington Street<br>San Francisco, CA 94115<br>Phone: (415) 317-7756<br>david@hrw-law.com | ***Attorney for Plaintiffs***<br><br>ELLA MILLER, ELISA SCHWEIZER and SHAI MILLER |
| Leonard Bruce Garfinkel<br>1430 N Street<br>Suite 5319<br>Sacramento, CA 95814<br>Phone: (916) 319-0860 \| Fax: (916) 319-0155<br>lgarfinkel@cde.ca.gov | ***Attorney for Defendants***<br><br>CALIFORNIA DEPARTMENT OF EDUCATION and TONY THURMOND |

✓  **(BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)** In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on **December 27, 2024**, at San Diego, California.

ANGIE PARISI                              */s/ Angie Parisi*
angie@soleimanlaw.com