1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    E. M., et al.,                              Case No. 24-cv-07397-NW

8                    Plaintiffs,
                                                 **ORDER TO SHOW CAUSE**
9            v.
                                                 Re: ECF No. 74
10   CALIFORNIA DEPARTMENT OF
     EDUCATION, et al.,

11                   Defendants.

12

13           This action was filed on October 23, 2024.  On July 8, 2025, the Court granted

14   Defendants' motions to dismiss with leave to amend, and Plaintiffs filed an amended complaint on

15   July 23, 2025.  ECF Nos. 54, 57.  The Court set the Defendants' deadline to file their respective

16   motions to dismiss for August 20, 2025, with oppositions due September 3, 2025, and replies due

17   September 10, 2025.  ECF No. 59.  Defendants filed their motions on or before August 20 as

18   scheduled.  ECF Nos. 61, 64, 65, 66.

19           Plaintiffs, however, failed to timely file oppositions to those motions.  Two and a half

20   weeks elapsed before Plaintiffs' counsel filed a motion "for relief from inadvertently failing to file

21   oppositions" and four late oppositions.  ECF Nos. 67-71.  By his own admission, Plaintiffs'

22   counsel just "forgot to respond to four separate motions to dismiss in this matter, thinking

23   somehow a further order was forthcoming."  ECF No. 67.  The motion and accompanying

24   declaration substantially attribute counsel's failure to follow deadlines to the Court and/or

25   Defendants failure to adequately coordinate briefing dates.  *See* ECF No. 67-1, Rosenberg-Wohl

26   Decl. ("My calendar was overshadowed by [a] history of lack of coordination.").

27           Plaintiffs' counsel's failure to follow clear deadlines mandated by the Federal Rules of

28   Civil Procedure and Court orders, is not the fault of the Court or Defendants' counsel.  The fault is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    his own.  What's more, this is not the first time Plaintiffs' counsel has made this mistake.  *See*

2    ECF Nos. 43 (opposition filed six days after the deadline), 50 (response to a specific argument

3    advanced in two separate motions to dismiss filed three months after the deadline), and 59

4    ("corrected" amended complaint filed after the 5:00 p.m. deadline).  In the last of these instances

5    (prior to the current issue that is the catalyst for this OSC), the Court explicitly reminded Plaintiff

6    "that documents must be filed on time in final form on the day the document is due."  ECF No. 59.

7    Given this pattern, counsel's failure, though perhaps inadvertent, is inexcusable.

8         Accordingly, the Court ORDERS PLAINTIFFS' COUNSEL TO SHOW CAUSE in

9    writing by September 26, 2025, why sanctions should not issue for failure to comply with Court

10   orders.  In his response, counsel must provide the sanctions he believes are appropriate under these

11   specific circumstances, *i.e.*, where this is the fourth time missing a deadline, and this instance is

12   the most egregious given the substance and the length of time.  Counsel for Defendants shall also

13   file a response to this Order by September 26, 2025, with the sanctions, if any, they deem

14   appropriate in these circumstances.

15        A hearing on the order is set for **September 30, 2025, at 11:30 a.m.** in Courtroom 3, 5th

16   Floor, Federal Courthouse, 280 South First Street, San Jose, California.  Counsel for Plaintiff must

17   appear in person.  Counsel for Defendants must also appear but may do so in person or via Zoom.

18        **IT IS SO ORDERED.**

19   Dated: September 23, 2025

20

21                                                    Noël Wise
                                                      United States District Judge

22

23

24

25

26

27

28

2