```
42050-30-190 (DEWA/MILLER, ELLA) 3076767
CHARLES R. ROE  (SBN 112732)
crr@swr-law.com
SAMUELSON, WILSON & ROE
210 N 4th St #201
San Jose, CA 95112
T:      (408) 790-5320
F:      (408) 295-5799
E-Service: crr@swr-law.com and mxl@swr-law.com
```

Attorneys for Defendant
MARY ANN DEWAN

UNITED STATES DISTRICT COURT

NORTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLA MILLER, ELISA SCHWEIZER and SHAI MILLER,<br><br>Plaintiff(s),<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF EDUCATION, SANTA CLARA COUNTY OFFICE OF EDUCATION, SANTA CLARA COUNTY BOARD OF EDUCATION, UNIVERSITY PREPARATORY ACADEMY, TONY THURMOND, MARY ANN DEWAN, JESSICA BONDURIS, DAVID PORTER, RACHEL JULIANO, ALISHA HILL, LUCAS KELLEHER, and DOES 1-10,<br><br>Defendant(s). | NO. 5:24-CV-07397-NW<br><br>DEFENDANT MARY ANN DEWAN'S AMENDED NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR FOR A MORE DEFINITE STATEMENT PURSUANT TO F.R.C.P. RULES 8, 10, 12(b)(6), 12(e), AND 41; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION; PROPOSED ORDER<br><br>Date: October 29, 2025<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Noel Wise<br><br>Complaint Filed: 10/23/2024 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on **October 29, 2025,** at **9:00 a.m.,** or as soon thereafter as the parties may be heard before the Honorable Noel Wise, Defendant MARY ANN DEWAN ("Dr. Dewan") will, and hereby does, move this Court, the Unites States District Court for the Northern District of California located at 280 Souith 1st Street, San Jose, CA 95112, Courtroom 3 (5th Floor), for an order dismissing Plaintiffs' First Amended Complaint ("FAC") against Dr. Dewan, and each cause of action purported to be asserted against her, with prejudice on the grounds that the Complaint fails to comply with the Rules 8 and 10 of the Federal Rules of Civil Procedure, and that each of the causes of action Plaintiffs have attempted to assert therein against Dr. Dewan, fail to state a claim against Ms. Dewan on which relief can be granted (FRCP 12(b)(6)). Iin addition, Plaintiffs, Elisa Schweizer and Shai Miller ("E.M.'s Parents") lack standing.

This motion is based on this Notice of Motion and Motion; the Points and Authorities set forth below; all the other papers, documents, or exhibits on file or to be filed in this action; and the arguments made at the hearing on the motions.

Dated: 10/8/2025                                        SAMUELSON, WILSON & ROE

_[signature]_
_____
CHARLES R. ROE
Attorneys for Defendant MARY ANN DEWAN

-2-

## SUMMARY OF ARGUMENT

The only claims applicable to Dr. Dewan in the FAC, are the 2d Claim (Alleged violation of The Equal Protection Clause of the 14th Amendment of the U.S. Constitution), the 3rd Claim (Alleged violation of the Equal Protection Clause of the California State Constitution, Article I) and the 12th Claim (Allegations of Negligent Infliction of Emotional Distress).

Plaintiff's 95-page FAC once again fails to comply with Rules 8(a)(2), 8(d)(1) and 10(a), and is subject to dismissal pursuant to Rules 12(b)(6) and 41, of the Federal Rules of Civil Procedure.

E.M.'s parents have failed to show they have standing to assert the above referenced causes of actions. The Plaintiffs' constitutional claims are deficient. The Court should decline to exercise supplemental jurisdiction over the Plaintiffs' State law claims. Those State law claims are barred because of the Plaintiff's failure to comply with the California Government Claims Act. Finally, Plaintiffs' claim against Dr. Dewan based on common law negligence is defective and fail to state a claim against Dr. Dewan.

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

### I.   INTRODUCTION

Three motions regarding deficiencies in the Plaintiff's FAC are already before the Court. To the extent that these motions contain information and arguments that apply equally to the claims asserted against Dr. Dewan, Dr. Dewan will join in the information and/or arguments contained therein rather than needlessly taking the Court's time repeating them.

According to the FAC, Dr. Dewan was the Santa Clara County Superintendent of Schools and oversaw the Santa Clara County Office of Education and directed its Charter Schools Department. By the time that it is alleged Dr. Dewan might have learned of the acts Plaintiffs complained of, Plaintiff, E.M., had already left the charter school where the acts allegedly occurred. (FAC ¶¶ 57 and 71) The FAC also alleges that on May 6, 2024, a spokesperson for the Bay Area Jewish Committee, Maya Bronicki, met with Dr. Dewan and asked her to intervene and follow up on the complaint made by the Plaintiffs. (FAC ¶ 84) Dr. Dewan also joins in the Introduction contained in the Memorandum of Points

and Authorities of Defendants, THE SANTA CLARA COUNTY OFFICE OF EDUCATION AND THE SANTA CLARA COUNTY BOARD OF EDUCATION in support of its Motion to Dismiss Plaintiffs' First Amended Complaint ("County's MTD"), pp. 3:19 to 27.

## II.     STATEMENT OF FACTS

Dr. Dewan also joins in the the Statement of Facts of the County's MTD, pp. 4:1 to 6:23.

## III.    ARGUMENT

### A. The Complaint Should Be Dismissed For Failure to Comply with Federal Rules of Civil Procedure.

Dr. Dewan joins in the arguments set forth in the County's MTD, pp. 6:27 to 10:3.

### B. The Plaintiff Parents Lack Standing.

Dr. Dewan joins in the arguments set forth in the County's MTD pp. 10:5 to 11:9.

### C. Other Overarching Complaint Deficiencies.

Dr. Dewan joins in the arguments set forth in County's MTD pp. 11:11 to 12:6.

### D. Plaintiffs' U.S. and Constitutional Claims are Defective.

Dr. Dewan joins in the arguments set forth in the County's MTD, pp. 12:8 to 14, which in turn joined in the arguments set forth in the California Department of Education's ("CDE") MTD at pp. 5:17 to 13:28.

In addition to the arguments joined, for there to be a violation of equal protection under the federal constitution, there must be intentional discrimination or deliberate indifference alleged, not just a failure to act proactively. *See City of Cuyahoga Falls, Ohio vs. Buckeye Community Hope Foundation* 538 U.S. 188, 194 (2003) *citing Arlington Heights vs. Metropolitan Housing Development Corp.* 429 U.S. 252, 265 (1977). Deliberate indifference could be found if the the official in question responded to known harassment in a mannter that was clearly unreasonable. *Davis vs. Monroe County Bd. Of Educ.* 526 U.S. 629, 649 (1999). Since Ms. Dewan did not even allegedly learn of the alleged harassment until after E.M left the charter school in question, she could not have responded to it in a manner that was clearly unreasonable.

E.  **The Court Should Decline to Exercise Supplemental Jurisdiction Over the Plaintiff's State Law Claims.**

Dr. Dewan joins in the arguments set forth in the the County's MTD at p. 14: 7 to 12, which in turn joined in the State's MTD at p. 20:4 to 11.

F.  **All State Law Claims Are Barred by the California Government Claims Act.**

Dr. Dewan joins in the arguments set forth in the County's MTD p. 14, 14 to 18, which in turn joined in the State's MTD, p. 20:13 to 25.

G.  **Plaintiff's Twelve Claim for Negligence is Defective.**

Dr. Dewan joins in the arguments set forth in the County's MTD p. 16:3 to 15, which also joined in the State's MTD, pp. 23:9 to 18.

IV.  CONCLUSION

For the foregoing reasons, Dr. Dewan respectfully requests that the Plaintiffs' complaint be dismissed in its entirety as to her, pursuant to Fed. Rules of Civil Procedure §12(b)(6), for failure to state a claim, without leave to amend; or, in the alternative, if amendment is allowed, that a more definite statement be ordered.

Dated: 10/08/2025                           SAMUELSON, WILSON & ROE

_/s/ Charles R. Roe_____
CHARLES R. ROE
Attorneys for Defendant MARY ANN DEWAN