UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.M., et al., | Case No. 24-cv-07397-NW |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| CALIFORNIA DEPARTMENT OF EDUCATION, et al., | Re: ECF No. 108 |
| Defendants. | |

Before the Court is Defendants University Preparatory Academy ("UPA"), David Porter, Rachel Juliano, Alisha Hill, and Lucas Kelleher's (collectively, "Defendants") motion to dismiss Plaintiff E.M.'s third amended complaint ("TAC"). On June 24, 2026, the Court heard argument on the motion.

This is the fourth time the Court has considered the sufficiency of Plaintiff's allegations, and this is the fourth time Plaintiff has failed to allege a cognizable federal claim. Accordingly, and for the reasons stated below, the Court GRANTS Defendants' motion to dismiss and DISMISSES the TAC without leave to amend.

I.    **BACKGROUND**

As the Court has previously recounted, Plaintiff alleges the following:

> Plaintiff was a seventh grader at UPA on October 7, 2023, the day terrorist organization Hamas attacked Israel, killing thousands and inciting open war. In the wake of the attack and Israel's armed response, some of E.M.'s classmates began bullying her because she identified as Jewish, Israeli, and Zionist. E.M.'s tormentors considered her "responsibl[e] for ongoing violence against Palestinians in Gaza." SAC ¶ 56. In the period between the attack and her last day of school in December 2023, E.M. was the subject of six discrete acts of bullying. *See* Order, ECF No. 92 at 2. Interspersed

United States District Court
Northern District of California

with these incidents, E.M. and her parents met with school administrators at least five separate times to discuss how the school should respond to those incidents. *Id.*

ECF No. 107 (internal footnote omitted).[1]  The SAC, and now the TAC, also included allegations that UPA had (1) issued a statement on October 25, 2023 directly responding to the conflict in Gaza and condemning antisemitism and islamophobia, and (2) talked with at least two of E.M.'s bullies about their behavior (though without reference to E.M.'s experiences specifically) and the need to be respectful of religious and cultural differences.  *See* TAC ¶¶ 47, 68-70. Notwithstanding these actions, Plaintiff alleges that Defendants failed to properly respond to the bullying incidents as required under the law.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  When analyzing a complaint under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  Legal conclusions couched as factual allegations are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Similarly, conclusory legal allegations are insufficient to defeat a motion to dismiss for failure to state a claim.  *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

## III.    DISCUSSION

After several rounds of motions practice, only a single federal claim remains before the Court: E.M. alleges that Defendants violated 42 U.S.C. § 2000d *et. seq.*, Title VI of the Civil Rights Act of 1964.  The statute provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

---

[1] This Order incorporates by reference and assumes familiarity with the additional facts and background laid out in the prior Orders.  *See* ECF Nos. 54, 92, 107.

42 U.S.C. § 2000(d).  The parties agree that, to succeed on this claim, E.M. must allege that Defendants had (1) actual knowledge of harassment that was "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school," and (2) that the school's response to the known harassment amounted to "deliberate indifference."  *Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 650 (1999).

As this Court previously noted:

> "Deliberate indifference" is a "fairly high standard," *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1105 (9th Cir. 2020), one that requires more than just a "negligent, lazy, or careless" response, *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006).  To "meet this high standard there must, in essence, be an official decision not to remedy the violation and this decision must be clearly unreasonable." *Doe v. Willits Unified School Dist.*, 473 Fed. App'x. [775, 775-76 (9th Cir. 2012)].

ECF No. 92 at 10.  "In an appropriate case, there is no reason why courts, on a motion to dismiss . . . [can]not identify a response as not 'clearly unreasonable' as a matter of law." *Davis*, 526 U.S. at 649.  Thus, the question now before the Court is whether Plaintiff has alleged that Defendants acted in a manner that was "clearly unreasonable" in light of the known circumstances.

Plaintiff fails to make sufficient allegations to allege deliberate indifference because, notwithstanding the Court's repeated attempts to emphasize the demanding requirements of the deliberate indifference standard, Plaintiff gets the standard wrong.  According to Plaintiff: "UPA knew or reasonably should have known that its [disciplinary] process would not work and stopped there.[2]  These are allegations of deliberate indifference."  Opp. at 1.  But Plaintiff is incorrect: these are paradigmatic allegations of *negligence*, not deliberate indifference.  *Ratha v. Phatthana*

---

[2] When the Court asked at the hearing why this argument was not an example of Defendants' negligence, Plaintiff's counsel could not provide an adequate response.  Instead, he characterized the Defendants' efforts to address the bullying as tantamount to "do[ing] nothing" and little more than "lip service" because Defendants' efforts did not immediately resolve the issue, which Counsel contended demonstrated Defendants' deliberate indifference.  As discussed further below, Plaintiff's characterization of Defendants' conduct as "lip service" is an opinion, not a fact.  The only fact Plaintiff can point to that supports her opinion is that the bullying continued, but several cases preclude Plaintiff from relying on that fact as evidence of Defendants' indifference. *See, e.g., Davis*, 526 U.S. at 648.

United States District Court
Northern District of California

*Seafood Co.*, 35 F.4th 1159, 1177 (9th Cir. 2022) ("[T]he phrase 'knew or should have known' usually connotes negligence."). In *Davis*, the Supreme Court explicitly refused to hold districts liable for what they "knew or should have known" regarding peer harassment. *See Davis*, 526 U.S. at 642 (observing in Title XI context that the Supreme Court had "declined the invitation to impose liability under what amounted to a negligence standard . . . [and] concluded that the district could be liable for damages only where the district itself . . . remain[ed] deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge.").

But even if that were the standard, Plaintiff does not provide any facts to support her contention that Defendants *knew* their actions would not ease E.M.'s bullying.[3] Plaintiff contests the sufficiency of Defendants' actions. In her view, Defendants could not have reasonably expected that the statement from the school board or single conversation with E.M.'s bullies generally discussing multicultural respect would redress the harassment. *See e.g.*, TAC ¶ 75 ("bland statements encouraging respect for one another were not reasonably expected to be effective. . ."). But at best, these allegations reflect a difference of opinion between Plaintiff and Defendants regarding what constitutes a reasonable response to address E.M.'s specific injuries. It is Plaintiff's *opinion* that "[b]road statements that do not focus on specific conduct directed to a specific individual are not reasonably intended to redress that conduct." TAC ¶ 71. Plaintiff has not pointed to any *facts* that suggest that Defendants shared Plaintiff's opinion or that they genuinely believed their actions had no chance of lessening E.M.'s bullying. What's more, the short timeframe Defendants had to address E.M.'s bullying—eight weeks—means Plaintiff cannot (and does not) claim that Defendants came to realize their tactics were ineffective and thus became deliberately indifferent when they failed to take further action. *See* TAC ¶¶ 101-105 (alleging

---

[3] Plaintiff's claims during argument that counsel addressed the substance of these cases in the amendments to the complaint are without merit. According to counsel, Defendants knew what they were doing wasn't working and deliberately chose not to do more; to him, this was deliberate indifference. But, as the Court previously explained, the law requires more. Defendants' conduct was not necessarily "clearly unreasonable in light of the known circumstances" merely because their response turned out to be ineffective. *Davis*, 526 U.S. at 648.

Defendants knew from the outset that their disciplinary efforts would be ineffective and chose to take those actions anyway).

As discussed in its prior Orders, the Court was swayed by the reasoning in multiple similar cases where courts "declined to find deliberate indifference merely because the bullying failed to stop or the plaintiffs disagreed with the administration's actions."[4]  ECF No. 107 at 6.  The Court stated Plaintiff "must confront" those cases to succeed going forward.  *Id.*  And yet, Plaintiff, without explanation, failed to follow the Court's directions.  Plaintiff does not differentiate or even cite *Garcia* or *Benecia* in her opposition, and she only makes a passing reference to *Oden.*  The Court considers the reasoning in all three cases dispositive in the instant action for the reasons stated in this Court's prior Orders. *See* ECF Nos. 92, 107.

Additionally, the cases that Plaintiff instead relies upon do not yield a different result.  In *Myles v. W. Contra Costa Unified Sch. Dist.*, a student sued her school district after a classmate who had been repeatedly accused of sexual assault raped her on campus.  No. 23-CV-01369-AGT, 2024 WL 1354440, at *7 (N.D. Cal. Mar. 28, 2024).  The court found plaintiff had sufficiently alleged deliberate indifference following the incident where she had alleged that the school subsequently "focused on changing the condition of the school environment of the victim" rather than "limit[ing], secur[ing], or monitor[ing] the source of the known threat—[the assailant]." *Id.* But here, UPA attempted to stem the harassing behavior in two ways: first, by issuing a school-wide statement condemning antisemitism at the school and then by directly admonishing the "ringleaders" behind E.M.'s bullying to respect people of different cultures.

*Lilly v. University of California-San Diego* is similarly inapposite. 751 F. Supp. 3d 1056, 1072 (S.D. Cal. 2024). There, a student-athlete was repeatedly and publicly denigrated by his

---

[4] The Court referred to *Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006) (affirming summary judgment on deliberate indifference claim where nine-month delay was not "a deliberate attempt to sabotage Plaintiff's complaint or its orderly resolution."); *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1196 (E.D. Cal. 2009) (explaining a "school is not deliberately indifferent simply because the response did not remedy the harassment or because the school did not utilize a particular discipline"); and *Doe v. Benecia Unified School Dist.*, 206 F.Supp.2d 1048, 1056 (E.D. Cal. 2002) (holding that ineffective or mistaken responses do not constitute deliberate indifference).

United States District Court
Northern District of California

coach for months after reporting a teammate's sexual misconduct. When plaintiff reported his concerns about the coach to the university's associate athletic director, she refused to investigate plaintiff's complaints and instead suggested that he report his complaints elsewhere or see a therapist. The court there found the athletic director's conduct could constitute deliberate indifference. But the allegations here are not akin to those in *Lilly*. Defendants didn't ignore Plaintiff's complaints—administrators met with E.M. and her parents approximately every two weeks before she withdrew from UPA. And where the administrator in *Lilly* suggested plaintiff engage in self-help to fix his problems with the coach, Defendants took affirmative steps to condemn and mitigate the bullying, even if those efforts were unsuccessful.

In sum, the allegations before the Court do not demonstrate that the school or its administrators acted with deliberate indifference. Accordingly, the Court GRANTS Defendants' motion to dismiss the Title VI claim. Because Plaintiff's first four complaints unsuccessfully alleged a cognizable Title VI claim, the Court finds it would be futile to grant Plaintiff the opportunity to file a fifth complaint. Plaintiff's Title VI claim is dismissed with prejudice.

* * *

Because the Court has dismissed the remaining federal cause of action, it declines to exercise its supplemental jurisdiction over the state law claims.

## IV.  CONCLUSION

Defendants' motion is GRANTED. Plaintiff's 42 U.S.C. § 2000d (Title VI) claim is DISMISSED WITH PREJUDICE. Plaintiff's state law claims are DISMISSED without prejudice to Plaintiff refiling them in state court. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 29, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

6